NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001300
20-DEC-2017
09:12 AM

NO. CAAP-14-0001300

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOHN LESLIE GALLAGHER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0972(3))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant John Leslie Gallagher (Gallagher) appeals from the October 31, 2014 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit (Circuit Court).[1] Gallagher was convicted of Criminal Property Damage in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-821(1)(b) (2014)[2]. He appeals his conviction, arguing improper admission of prior bad acts, the failure to instruct the jury on his defense, and ineffective assistance of counsel.

After a careful review of the issues raised and the arguments made by the parties, the applicable legal authority,

---

[1] The Honorable Joseph E. Cardoza presided.

[2] HRS § 708-821(1)(b) provides:

A person commits the offense of criminal property damage in the second degree if by means other than fire [] [t]he person intentionally or knowingly damages the property of another, without the other's consent, in an amount exceeding $1,500[.]

(Formatting altered.)

and the record, we resolve Gallagher's arguments as follows and affirm.

1.    The Circuit Court did not abuse its discretion by admitting relevant evidence of Gallagher's prior bad acts.[3] Citing to Hawaii Rules of Evidence (HRE) Rules 401, 402, 403 and 404(b),[4] Gallagher argues that the evidence of four prior

---

[3]    Gallagher's point of error does not comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4)(A), insofar as it fails to provide "the full substance of the evidence admitted" and for this reason alone we could disregard it.  See HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.").  Although Gallagher notes the State sought admission of evidence of four incidents, he concedes the State withdrew its request with regard to the last, September 19, 2013 incident but added a March 24, 2013 incident.  However, neither in his point on appeal, nor his argument on the point, does Gallagher describe the testimony admitted nor provide record references for the substance of the testimony.  Nonetheless, because this court endeavors to reach the merits of an appeal where possible, we will address this argument only with regard to evidence of prior acts generally.

[4]    These rules provide,

> **Rule 401  Definition of "relevant evidence".** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

> **Rule 402  Relevant evidence generally admissible; irrelevant evidence inadmissible.**  All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court.  Evidence which is not relevant is not admissible.

> **Rule 403  Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.**  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

> **Rule 404 Character evidence not admissible to prove conduct; exceptions; other crimes. . . .**

> (b)  Other crimes, wrongs, or acts.  Evidence of other crimes wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.  In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses

(continued...)

incidents was irrelevant to the only aspect of the criminal property damage offense in dispute--the amount of the damage caused and his intent with respect to that amount--and even if relevant, the relevance was substantially outweighed by its unfairly prejudicial effect.

> A trial court's determination that evidence is "relevant" within the meaning of HRE Rule 401 [] is reviewed under the right/wrong standard of review. However, a trial court's balancing of the probative value of prior bad act evidence against the prejudicial effect of such evidence under HRE Rule 403 is reviewed for abuse of discretion. An abuse of discretion occurs when the court clearly exceeds the bounds of reason or disregards rules or principles of law to the substantial detriment of a party litigant.

State v. Fetelee, 117 Hawai'i 53, 62-63, 175 P.3d 709, 718-19 (2008) (citations and ellipsis omitted).

Gallagher is mistaken in his assumption that evidence is only relevant to prove matters in dispute. As defined in HRE Rule 401, relevant evidence includes that which makes "any fact that *is of consequence* to the determination of the action" more or less probable. See Hawaii Rules of Evidence Manual § 401-2[7] (2016-17 ed.) ("The consequential fact sought to be proved need not be in dispute."). Moreover, the State bears the burden of proving each element of the offense beyond a reasonable doubt and Gallagher offered no stipulation as to any of the essential elements of the instant offense. In any event, Gallagher's intent *was* in dispute, and "[t]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982) quoted with approval in State v. Kiese, 126 Hawai'i 494, 502-03, 273 P.3d 1180, 1188-89 (2012).

The State argues that the "four prior instances of harassment between the Normans and [Gallagher]" showed Gallagher harbored prior animosity towards the Normans, making it more probable than not that he "intentionally or knowingly caused over $1,500 [] worth of damage to the Normans's vehicle." The Circuit Court apparently agreed, commenting that, "[o]therwise, there

---

[4](...continued)
pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

really would be no sense to this entire incident." Gallagher responds that the evidence was inadmissible as it was irrelevant to the actual dollar amount of damage or to Gallagher's intent to cause that magnitude of damage during the charged incident because none of the prior incidents involved actual or attempted property damage. Gallagher provides no authority for the proposition that the prior incidents must involve property damage in order to be relevant to his intent.

Gallagher also maintains that because his counsel told the jury in opening statements that the only dispute was the amount of damages and that he admitted in his testimony his intent to kick the Normans' vehicle, there was no basis to admit the evidence of prior incidents. Again, because Gallagher's intent was a matter of consequence, it was relevant. We also note that Gallagher did not enter into a stipulation regarding his intent, his counsel's arguments were not evidence, and his testimony was presented after the State presented the evidence in question.

Gallagher also maintains the Circuit Court abused its discretion by admitting the evidence, because the unfair prejudice substantially outweighed any limited probative value. The State claims there was a substantial need for the evidence in order to prove Gallagher's intent, there was no alternative way to establish the context of the relationship between Gallagher and the Normans, and the evidence of the prior conduct was not likely to rouse the jury to an overmastering sense of hostility toward Gallagher.

When weighing probative value versus prejudicial effect in the context of HRE 403, a court must consider a variety of factors, including:

> the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

State v. Behrendt, 124 Hawai'i 90, 106, 237 P.3d 1156, 1172 (2010) (citing State v. Renon, 73 Haw. 23, 38, 828 P.2d 1266, 1273 (1992)).

In its ruling the Circuit Court relied on the need for the evidence, opining that the evidence of the prior incidents was "the only way" for the State to show its theory of the case, i.e., the "rhyme or reason to what occurred on the night in question." While allowing that there was some prejudicial effect from the evidence, the Circuit Court concluded that the high probative value of the evidence was not substantially outweighed by the prejudicial effect.

The Circuit Court also issued a limiting instruction prior to the presentation of the evidence as well as during the charge to the jury and, without more, we presume that the jury adhered to those instructions. State v. Acker, 133 Hawai'i 253, 278, 327 P.3d 931, 956 (2014). Based on our review of the record, we conclude the Circuit Court did not abuse its discretion by allowing presentation of the evidence of prior incidents.

2. Gallagher claims the Circuit Court erred by failing to instruct the jury that "it is a defense, which reduces the class or grade of the offense to a class or grade of offense consistent with defendant's state of mind, that the defendant believed the valuation of the property or services to be less," in accordance with the commentary to HRS § 708-823. However, this is an incorrect statement of the law, as the State was not required to prove the value of the *property*, but rather, the value of the *damage* caused. State v. Pardee, 86 Hawai'i 165, 170, 948, P.2d 586, 591 (App. 1997).

In any event, assuming for the sake of argument that it was error for the Circuit Court not to instruct the jury that it was a *defense* that Gallagher thought the property damage was less than $1,500, any error was harmless beyond a reasonable doubt. The jury was instructed, with regard to the charged offense of Criminal Property Damage in the Second Degree and the lesser included offense of Criminal Property Damage in the Third Degree, that it must find Gallagher "was aware or believed the damage to

5

the property exceeded" the pertinent amount.[5] Thus, the jury was told that it must find Gallagher was aware or believed he caused over $1,500 in damage to find him guilty of Criminal Property Damage in the Second Degree. The failure to tell the jury that it was a defense if he lacked this awareness or belief would not have altered their analysis. Thus, as we presume the jury followed the instructions given, the jury could not have reached their verdict without finding that Gallagher was aware or believed the damage he caused was in excess of $1,500. Gallagher has failed to show that he was harmed by the instructions as given.

3. Although he admits the majority of his claims are not fully developed on the record, Gallagher raises three claims of ineffective assistance of trial counsel on direct appeal out of an abundance of caution, as he is represented by different counsel on appeal than at trial. See Loher v. State, 118 Hawai'i 522, 531, 193 P.3d 438, 447 (App. 2008), overruled on other grounds by State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015) (holding that defendant waived ineffective assistance of trial counsel claims by not raising them on direct appeal where represented by different attorney on appeal).

Gallagher's first two claims are that trial counsel was ineffective for failing to call two impeachment witnesses and failing to challenge an entry regarding an alleged California conviction for bank robbery in the presentence investigation report. As Gallagher merely requests that he should be allowed to raise these claims in a post-conviction petition because he has not had a realistic opportunity to develop the record on these claims, we do not address the merits of these claims.[6]

---

[5]     The jury was also instructed as to the lesser included offense of Criminal Property Damage in the Fourth Degree, for which no dollar amount of the damage needed to be proven.

[6]          We acknowledge . . . that not every trial record is sufficiently developed to determine whether there has been ineffective assistance of counsel; indeed, a defendant is often only able to allege facts that, if proved, would entitle him or her to relief. Therefore, we hold that where the record on appeal is insufficient to demonstrate ineffective assistance of counsel, but where: (1) the defendant alleges facts
                                                              (continued...)

6

As to his remaining allegation, Gallagher points to counsel's failure to request the aforementioned jury instruction regarding his lack-of-intent defense. As we have concluded that the failure to give such an instruction did not prejudice his defense, State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (to establish an ineffective assistance of counsel claim defendant must establish, *inter alia* that the omission substantially impaired a potentially meritorious defense), Gallagher has failed to show his trial counsel was ineffective on this basis.

Therefore, we affirm the October 31, 2014 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit without prejudice to Gallagher bringing a petition under Hawai'i Rules of Penal Procedure Rule 40 raising a claim for ineffective assistance of counsel for failure to call two impeachment witnesses at trial.

DATED: Honolulu, Hawai'i, December 20, 2017.

On the briefs:

Cynthia Kagiwada,
for Defendant-Appellant.

Presiding Judge

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[6](...continued)
    that if proven would entitle him or her to relief, and
    (2) the claim is not patently frivolous and without
    trace of support in the record, the appellate court
    may affirm defendant's conviction without prejudice to
    a subsequent Rule 40 petition on the ineffective
    assistance of counsel claim.

State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).